UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 2:16-cr-6 PPS/PRC |
| v. | ) | |
| | ) | |
| BRIAN DELACH | ) | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by its counsel David Capp, United States

Attorney for the Northern District of Indiana, and Assistant United States Attorney

Abizer Zanzi, submits the following response to Defendant Brian Delach's

sentencing memorandum. For the reasons explained below, the United States

recommends that Defendant receive a sentence of 168 months in prison.

### SUMMARY OF DEFENDANT'S OFFENSE CONDUCT

Brian Delach has pled guilty to one count of receiving child pornography in

violation of 18 U.S.C. § 2252(a)(2). Delach was identified as one of numerous targets

of a nationwide investigation into users of a child pornography website known as

"Playpen." Playpen was available only through the TOR network, commonly

referred to as the "dark web," a network that disguises a user's online activity and

facilitates anonymous online communication. The Playpen website was a haven for

child pornography enthusiasts, an online forum where collectors could share images

of child abuse according to tastes and preferences and discuss best practices for

sexually exploiting children without getting caught.

Delach did not stumble across the Playpen website by accident. Websites like Playpen that are created through the TOR network are not discoverable by conventional means, such as search engines. Therefore, Delach must have obtained the web address from another Playpen user or from other child pornography forums he visited. Delach's online child exploitation activity was not limited to Playpen. Delach created and maintained a document on his computer with links to dozens of child pornography websites and listed his corresponding usernames and passwords for ease of reference.

The evidence found on his computer reveals Delach was a prolific collector of child pornography. He had amassed over 12,000 images and over 400 videos of children being sexually abused. The victims in these images and videos were mostly pre-pubescent girls, though there are also several images of young boys being abused. The wide range of sexual abuse depicted in these materials is staggering and includes children: performing oral sex on adult males, performing oral sex on each other, being penetrated and ejaculated upon, being tied and bound naked, and having objects inserted into their genitals.

Delach's interest in videos and images of young children being tortured and punished is particularly troubling. The forensic examiner who reviewed the content of Delach's computer found several materials depicting toddlers being anally raped and children performing sex acts with animals. One video found on Delach's computer depicts an adult male driving needles into the vaginal area of a pre-teen

girl before having sex with her. Another video depicts a two-year old girl crying in pain and bleeding from the anus while being anally raped by an adult male.

## ARGUMENT

The government recommends that Delach be sentenced to 168 months, the anticipated and undisputed low end of his guideline range. Delach asks the Court to impose a prison sentence of no greater than 168 months. The factors prescribed in 18 U.S.C. § 3553(a) weigh in favor of a guideline-range sentence.

Delach has pled guilty to downloading and collecting child pornography, a crime which has plagued the United States and this district for the last several decades and which has become increasingly widespread and harder to detect due to advances in technology and online networks. Child exploitation crimes are amongst the most serious criminal offenses under the law. This is no less true for people who, like Delach, consume child pornography created by others for their own sexual gratification.

The Seventh Circuit has stated, "[t]hose who traffic in child pornography, either by receiving or transporting the material, increase the market for child pornography and hence the demand for children to pose as models for pornographic photographs." *See United States v. Barevich*, 445 F.3d 956, 958 (7th Cir. 2006) (internal citations and quotations omitted). This is exemplified by "Jane," one of the victims seeking restitution from Delach. "Jane" was also the victim of Daniel Eckstrom, a defendant who appeared before this Court. *See United States v.*

3

*Eckstrom*, Case No. 2:13-cr-84 (Simon, J.). This Court sentenced Eckstrom to 240 years in prison for numerous counts of production, distribution and possession of child pornography, including the production and distribution of images and videos of "Jane" being sexually abused. This Court is well aware of Eckstrom's heinous conduct and the abuse suffered by "Jane." Delach's receipt and possession of child pornography produced by Eckstrom extends "Jane's" suffering and increases the marketplace for more girls like "Jane" to suffer unthinkable abuse for the pleasure and gratification of others.

What distinguishes Delach's conduct is the number and types of images and videos he collected and the way in which he collected them. Delach collected several images and videos of children being tortured and punished in cruel and inhumane ways. Delach's collection of these materials is a horrific re-victimization for the children depicted therein. The Court has received 16 statements from victims who have explained how they have been tragically impacted by Delach's crime even though they have never met him. Moreover, Delach went to great lengths to obtain child pornography and avoid detection from law enforcement, utilizing anonymous online networks and registering accounts with several child pornography websites.

According to Delach's sentencing memorandum, "the nature of [his] offense is inextricably intertwined with is inability to deal with the death of his father, and his resulting addiction to alcohol." DE 28, p. 2. As the Court has been made aware, Delach killed his father by reckless homicide in 2005. Delach's commission of this

crime has undoubtedly had a severe emotional and psychological impact on Delach. But neither this incident, nor Delach's addition to alcohol, explain or justify his obsession with sexual images of children. The fact that Delach committed an act of violence in the past, coupled with Delach's interest in videos depicting the rape, torture and bestiality of young children is an aggravating, not a mitigating factor, in determining Delach's sentence.

Much of Delach's sentencing memorandum is devoted to describing his childhood, during which Delach apparently experienced a variety of non-sexual emotional and physical abuse from adults in his life. These facts deserve great sympathy. But Delach provides no evidence that the mistreatment he experienced as a child impacted his ability to control his sexual desire and obsession for child pornography. Therefore, the circumstances of Delach's childhood do not mitigate in favor of a below-guideline sentence. *See, e.g., United States v. Freeman*, 415 F. App'x 721, 723-24 (7th Cir. 2011) (rejecting defendant's childhood sexual abuse as a basis for leniency absent evidence of a mental condition that affected his sexual desires or self-control) (unpublished). The fact that Delach sought gratification in the violent sexual mistreatment in children after he himself experienced forms of mistreatment as a child makes his crimes more inexcusable.

The "overarching goal" of the sentencing guidelines for child pornography trafficking offenses is to "weaken the market for child pornography that keeps the producers and distributors of this filth in business." *Barevich*, 445 F.3d at 959

(internal quotation omitted). A sentence of 168 months at the low end of Delach's guideline range would further that goal.

Respectfully Submitted,

DAVID CAPP
UNITED STATES ATTORNEY

By:      /s/ *Abizer Zanzi*
         Abizer Zanzi
         Assistant United States Attorney
         United States Attorney's Office
         Northern District of Indiana
         5400 Federal Plaza, Suite 1500
         Hammond, IN 46320
         Telephone: (219) 937-5500
         Facsimile:  (219) 852-2770
         E-mail: Abizer.Zanzi@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Government's Response to

Defendant's Sentencing Memoradum was electronically filed with the Clerk

of the Court using the CM/ECF system which sent notification of said filing to

the following individual:

       Roxanne Mendez-Johnson
       Roxanne_Johnson@fd.org

By:  _/s/ Tina L. Duron_
      Tina L. Duron
      U.S. Attorney's Office
      5400 Federal Plaza, Suite 1500
      Hammond, Indiana 46320
      (219) 937-5500